**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61405-CIV-ALTONAGA**

**YUSNEY SERRANO PASTRANA**,

      Petitioner,

v.

**WARDEN, BROWARD TRANSITIONAL**
**CENTER**, *et al.*,

      Respondents.

_____/

**ORDER**

      **THIS CAUSE** comes before the Court on Petitioner, Yusney Serrano Pastrana's Emergency[1] Motion for Temporary Restraining Order and Stay of Removal [ECF No. 3], filed on May 5, 2026.[2] Petitioner requests an order prohibiting his transfer outside the Southern District of Florida, as well as enjoining his physical removal and deportation from the United States, while his Petition for Writ of Habeas Corpus [ECF No. 1] remains pending. (*See* Mot. 4).[3] For the following reasons, the Motion is denied.

---

[1] Petitioner improperly labels his request an emergency. Local Rule 7.1(d) of the United States District Court for the Southern District of Florida requires a party filing an emergency motion to certify that the motion "in fact presents a true emergency" and "requires an immediate ruling because the Court would not be able to provide meaningful relief . . . after the expiration of seven days." S.D. Fla. L.R. 7.1(d)(1) (alteration added). Petitioner did not so certify. (*See generally* Mot.).

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 26-61405-CIV-ALTONAGA

Federal law provides "no court shall have jurisdiction to review . . . any decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General[.]"  8 U.S.C. § 1252(a)(2)(B)(ii) (alterations added).  Section 1252(g) strips courts of jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  *Id.* § 1252(g).

With that understanding, the Court turns to Petitioner's Motion.  The Motion does not provide a factual background; however, the Petition suggests that Petitioner is currently subject to a final order of removal.  (*See* Pet. 2; *id.*, Ex. 1, Exs. ("Composite Ex.") [ECF No. 1-1] 19–22 (March 16, 2026 removal order)).  Under 8 C.F.R. section 1241.1, "[a]n order of removal by [an] immigration judge" becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time[.]"  8 C.F.R. § 1241.1(c) (alterations added).  The March 16, 2026, removal order clearly indicated that Petitioner's appeal was due by April 15, 2026.  (*See* Composite Ex. 22).  Yet there is no appeal pending or future hearing scheduled in Petitioner's removal proceedings.  (*See* Pet. 2).

The Court lacks jurisdiction to enjoin immigration removal proceedings here, because 8 U.S.C. section 1252(b)(2) requires that a petition for review of an order of removal and a request for stay of removal must be "filed with the courts of appeals for the judicial circuit in which the immigration judge completed the proceedings."  8 U.S.C. § 1252(b)(2); *see also Wilfort v. Gonzalez*, No 07-0350, 2007 WL 2220461, at *2 (S.D. Ala. July 27, 2007) ("[P]etitioner's request[] for a stay of removal and for a temporary restraining order against the respondents to prevent his removal are requests that need to be made to the appropriate court of appeals, in this instance the Eleventh Circuit Court of Appeals[.]" (alterations added; citations omitted)).  Even if

Petitioner's order of removal were not final, section 1252(g) precludes judicial review of the Attorney General's decision to "commence proceedings, adjudicate cases, or execute removal orders[.]"  8 U.S.C. § 1252(g) (alteration added).

In short, Petitioner has not demonstrated that the Court has jurisdiction to provide him with his requested relief.[4]

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner, Yusney Serrano Pastrana's Emergency Motion for Temporary Restraining Order and Stay of Removal **[ECF No. 3]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 13th day of May, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Shortly after Petitioner filed the instant Motion, the Court issued an Order [ECF No. 4], requiring Respondents to show cause why the Petition should not be granted and giving Petitioner an additional 14 days to file a reply.  (*See generally id.*).  The Court has thus provided Petitioner with the opportunity to fully brief his habeas petition for the Court's consideration.